**Nathaniel BANKS, Jr., Plaintiff—Appellant,**

v.

**CLARK COUNTY NEVADA, a governmental body or entity, Philip J. Kohn, individually and also the agency or office itself of Clark County Public De-**

fender; Tierra D. Jones, individually and as a Deputy Clark County Public Defender; Las Vegas Justice Court; and Doe Individuals or Administrators 1–10, Roe Entities 1–10, and Roe Institutions and Agencies 11–20, Defendants—Appellees.

No. 10–15970.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 9, 2011.*

Filed Dec. 13, 2011.

Thomas John Tanksley, Thomas J. Tanksley, Ltd., Las Vegas, NV, for Plaintiff–Appellant.

Laura C. Rehfeldt, Deputy District, Robert J. Gower, Deputy District, Clark County District Attorney's Office, Civil Division, Las Vegas, NV, for Defendants–Appellees.

Before: TROTT and BEA, Circuit Judges, and STAFFORD, Senior District Judge.**

MEMORANDUM ***

Nathaniel Banks appeals the district court's dismissal of his amended complaint, pursuant to Fed.R.Civ.P. 12(b)(6). The complaint alleged 42 U.S.C. § 1983 and state law claims against various Nevada government defendants. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** The Honorable William H. Stafford, Jr., Senior District Judge for the U.S. District Court for Northern Florida, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

To recover for an allegedly unconstitutional conviction, "a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey,* 512 U.S. 477, 486–87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). Banks' § 1983 claims allege actions that, if true, would necessarily invalidate his conviction. But his conviction has not been overturned, expunged, or declared invalid. For this reason, Banks's § 1983 claims must be dismissed under *Heck.*

■ Banks cites several cases as exceptions to *Heck's* favorable termination requirement, but his arguments are unconvincing. This case is closely analogous to our decision in *Guerrero v. Gates,* where we stated that the § 1983 plaintiff "cannot now use his failure timely to pursue habeas remedies as a shield against the implications of *Heck.*" 442 F.3d 697, 705 (9th Cir.2006) (internal quotation marks omitted). Banks similarly cannot use his failure to timely appeal his conviction as a shield against *Heck.* Banks' state law claims were also properly dismissed because they implied the invalidity of his conviction.[1]

■ Banks also appeals the denial of a motion for judicial notice of an administrative order. The order proffers irrelevant factual evidence on a motion which tests only the sufficiency of the allegations of the amended complaint. The district court's denial of the motion for judicial notice is affirmed.

**AFFIRMED.**

---

1. Dismissals pursuant to *Heck* must be without prejudice to give the plaintiff the opportunity to re-file should he succeed in invalidating his conviction or sentence. *Trimble v. City of Santa Rosa,* 49 F.3d 583, 585 (9th Cir.1995).

